# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

ROBERT ELLIOTT, Respondent, v. BENJAMIN G. LEWIS, Appellant.

*Consent to refer — when general — party objecting to a reference must appeal from the order directing it — he cannot claim that the referee has no jurisdiction.*

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee in an action of ejectment.

The action was brought to recover a strip of land, about twenty-six feet in width and one chain in length, situate in the village of Central Square, in the town of Hastings, Oswego county. The case has been at the General Term once before, on an appeal from a judgment, rendered in favor of the defendant, which was reversed by this court, and is reported in 10 Hun, at page 486.

The General Term, after holding that there was no reason to vary or depart from its former decision, said : " It seems that when the judgment was reversed, before a new trial was ordered before another referee, it probably did not occur to the court, if such was in truth the fact, that the consent to the original reference was not generally that the cause might be referred to a referee, but that the consent was only that the cause might be referred to the particular referee named in the first order of reference. It appears, however, that under the order of the General Term, made on the reversal of the first judgment, a motion was made at a Special Term by the plaintiff to substitute a new referee to hear the said cause, which motion was opposed by the said defendant ; but, nevertheless, was granted, and the action was referred to the second referee to hear, try and deter-

mine.    When the trial came on the defendant's counsel objected to proceeding, on the ground that the court had no right to refer the case, and that the defendant was entitled to a trial by a jury. The objection was overruled and the trial proceeded, the defendant appearing and introducing witnesses, etc. ; but the defendant now takes the objection on this appeal that the referee had no jurisdiction to proceed to the trial of the cause.

It does not appear that the original consent to a reference was confined to the particular referee named, nor but that it was a general consent that the action might be referred.    But, however, that may be, we do not think the defendant could object on the trial on this ground.    The order of reference to the second referee was made on due notice, and so far as appears was never appealed from, and we think that so long as that order was not appealed from the defendant was bound by it.    Under certain circumstances the court had authority to make such an order, and when so made, on notice, the reference was to be deemed proper and regular until the order making it should be reversed.    The cases cited by the defendant on this subject are where the appeal was taken from the *order of reference*, as in *Preston* v. *Morrow et al.* (66 N. Y., 452).    In this case the appeal is from the judgment only.    (See Code of Civil Procedure, § 1301–1316.)

*B. G. Lewis*, appellant in person.    *Randall & Randall*, for the respondent.

Opinion by TALCOTT, P. J. ·  SMITH, J., concurred.

HARDIN, J., not sitting.

Judgment affirmed.